UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYRUS Y. KIM,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF LICENSING OF WASHINGTON STATE,<br><br>        Defendant. | No. CV06-1516 MJP<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND ORDER TO SHOW CAUSE |

      This matter comes before the Court on Defendant[1] Washington State Department of Licensing's ("WSDOL") motion to dismiss for lack of subject matter jurisdiction. Defendant has also requested that the Court bar Plaintiff from filing future related complaints. Having reviewed the papers and pleadings submitted by the parties, the Court GRANTS Defendant's motion to dismiss. Plaintiff's claims are barred by the Eleventh Amendment and the doctrine of res judicata. The Court further ORDERS the parties to show cause why the Court should not enter a vexatious litigant order against Plaintiff.

---

[1] Although Plaintiff names Governor Christine Gregoire as a Defendant, Plaintiff does not allege that she was involved in the suspension of his license, and she does not appear in the caption of his complaint. Plaintiff also admits that he has no claims against the Governor, and only included her to properly serve the summons and complaint. (Resp. at 3.) Therefore, the Governor is dismissed as a Defendant.

ORDER - 1

**Background**

After Plaintiff Cyrus Yoo Kim failed to purchase liability insurance, WSDOL suspended Plaintiff's driver license on at least three occasions between 1999 and 2005. (Compl., Exs. 1-3.) Plaintiff filed suit on October 20, 2006, challenging the suspensions of his driver license and the constitutionality of two state motor vehicle licensing statutes: the Financial Responsibility law, RCW 46.29, and the Mandatory Liability Insurance law, RCW 46.30. (Compl.) Plaintiff has challenged the suspensions of his license and the constitutionality of these statutes on four previous occasions, suing various government officials and entities of the State of Washington. (Mot. to Dismiss, Exs. 1-4.) Plaintiff has sued three times in this Court (Nos. C04-217TSZ, C04-2244JCC, C05-477RSM) and once in state superior court (No. 04-2-10000-3SEA). In each case, the Court found Plaintiff's challenge barred by the Eleventh Amendment, and dismissed his claims for lack of subject matter jurisdiction. (Id.) Plaintiff appealed the most recent dismissal, but the Ninth Circuit affirmed (No. 05-35818). (Id., Ex. 5.)

**Analysis**

I.   Defendant's Motion to Dismiss

Defendant has moved to dismiss, claiming immunity from suit under the Eleventh Amendment.[2] The Supreme Court has construed the Eleventh Amendment as a grant of sovereign immunity to the states against suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). Although the Amendment does not expressly bar suits against a state by its own citizens, it has been so interpreted. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Defendant argues that Plaintiff's claims against WSDOL should be dismissed because the order suspending Plaintiff's license was issued by a state agency acting pursuant to statutory authorization.

---

[2] The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State. U.S. Const. amend. XI.

ORDER - 2

See RCW 46.29.110(1), 46.29.280. Because the State has not consented to such a claim, Defendant argues that Plaintiff's suit is barred by sovereign immunity. See Pennhurst, 465 U.S. at 100 (holding that a suit against a state agency is a suit against the state, barred by the Eleventh Amendment).

Plaintiff appears to argue that sovereign immunity does not apply because he only seeks a prospective declaratory judgment from the Court that the two state licensing statutes are unconstitutional. See Seminole, 517 U.S. at 73 (holding that sovereign immunity does not bar a suit against a state official when the suit seeks only prospective relief in order to end a continuing violation of federal law) (citing Ex Parte Young, 209 U.S. 123 (1908)). However, Plaintiff's argument fails for two reasons. First, Plaintiff is suing a state agency, WSDOL, not a state official. Therefore, the Ex Parte Young exception to sovereign immunity does not apply. See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002). Second, even if Plaintiff had sued a state official, Plaintiff's suit fails because the suit is not limited to prospective relief only. "In determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002) (internal quotation marks omitted). Accordingly, the relevant inquiry is whether Plaintiff's suit seeks relief that is properly characterized as prospective or retrospective.

In a line of cases, the Supreme Court has held that a declaratory judgment which leads to the retroactive payment of money is barred by the Eleventh Amendment. First, in Edelman v. Jordan, the Supreme Court reviewed the district court's declaratory judgment that state regulations relating to the administration of a federal aid program violated existing federal regulations. 415 U.S. 651, 656 (1974). The district court had also enjoined state officials from continuing to administer the state regulations, and further ordered state officials to release all benefits that they had wrongfully withheld. Id. The Supreme Court reversed, holding that the Eleventh Amendment barred the injunction ordering

ORDER - 3

retroactive payment of benefits because it was effectively an award of money damages for past violations of federal law. Id. at 664-65.

Similarly, in Green v. Masour, the Supreme Court held that a declaratory judgment regarding the past lawfulness of a State official's conduct "would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment." 474 U.S. 64, 73 (1985) (emphasis added). In that case, the plaintiff did not seek an injunction to end a continuing violation of federal law, and merely sought a declaration that the State official's prior conduct violated federal law. Id. at 65. The Court indicated that a declaratory judgment would be an inappropriate "end-run around our decision in Edelman v. Jordan." See id. at 73; see also Native Vill. of Venetie I.R.A. Council v. Alaska, 944 F.2d 548, 552 (9th Cir. 1991) ("[D]eclaratory relief is not available if its sole efficacy would be as res judicata in a subsequent state court action for retroactive damages or restitution.").

Finally, in Verizon Maryland, the Court held that a declaratory judgment was appropriate although it sought a determination of the past actions of state officials because it would not affect the financial liability of the state. 535 U.S. at 646. The Court acknowledged that the decision did affect the financial liability of private parties for their past conduct, but determined that it had no bearing on the financial liability of the state, and thus was no different from the prospective injunctive relief requested by the plaintiffs. Id. However, the Court suggested that the Eleventh Amendment bar would have been triggered if the declaratory judgment had imposed upon the state "a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." Id. (quoting Edelman, 415 U.S. at 668).

In the present case, Plaintiff's prayer for relief is more properly characterized as retrospective than prospective. Plaintiff admits that he is challenging the constitutionality of the two statutes because he believes that he will be entitled to a refund if the statutes are overturned. He also requests a refund in his complaint. (Compl. at 18.) Because Plaintiff seeks to overturn the statutes in order to

ORDER - 4

receive a refund, the sought-after relief more closely resembles a monetary award against the state than a prospective declaratory judgment, and Plaintiff's claims qualify as an attempted end-run around the Eleventh Amendment bar. See Green, 474 U.S. 64 (holding that it is the purpose of the relief, rather than the form, which is relevant in the Ex Parte Young analysis); see also Verizon Maryland, 535 U.S. at 646 (holding that a declaratory judgment is retrospective when it affects the financial liability of the state); Taylor v. Westly, 402 F.3d 924, 930 (9th Cir. 2005) (holding that relief is retrospective if it permits a plaintiff to get money damages or restitution for wrongful conduct of state officials out of the state treasury).  Because the suit is barred by the Eleventh Amendment, WSDOL is entitled to sovereign immunity, and Plaintiff's claims are dismissed for lack of subject matter jurisdiction.

Furthermore, the doctrine of res judicata "bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979).  There is privity between officers of the same government so that a judgment in a suit between a party and a government officer is res judicata in relitigation of the same issue between that party and another officer of the government. See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992) (citing Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940)).  Principles of res judicata also apply to questions of jurisdiction. Id. at 403.  The bar reaches all grounds for recovery which could have been asserted, whether they were asserted or not. See Int'l Union of Operating Eng'rs v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993).  Although Defendant does not raise the doctrine of res judicata in its motion to dismiss, the Court has authority to raise the issue sua sponte if the Court is on notice that it has previously decided the issue presented. See Arizona v. California, 530 U.S. 392, 412 (2000) (holding that the doctrine of res judicata is partly based on avoiding unnecessary judicial waste).

In the present case, the Court is on notice that Plaintiff's claims have previously been decided. Defendant raised res judicata as an affirmative defense in its answer. (Answer at 4.)  Defendant also

ORDER - 5

included the previous court decisions dismissing Plaintiff's claims in its motion. (Mot. to Dismiss, Exs. 1-5.) In each of the previous cases, Plaintiff sued other state officers and agencies over the same suspensions of his driver license at issue in this case. Each prior case was dismissed for lack of subject matter jurisdiction. Plaintiff could have raised all of the arguments here in the prior actions. Accordingly, Plaintiff's claims are barred by the doctrine of res judicata.

II.     Request to Bar Future Related Complaints

Plaintiff has had multiple opportunities to plead his case and has failed to do so. Because Plaintiff continues to file lawsuits alleging injuries arising out of the same facts and circumstances, the Court will remind Plaintiff of his pleading obligations and address Defendant's request to impose filing restrictions on Plaintiff.

A.     Rule 11 Notice to Plaintiff

The Court reminds Plaintiff of his responsibilities under Federal Rule of Civil Procedure 11, which provides that, by presenting to the Court a pleading, a party is:

> certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

Fed. R. Civ. P. 11(b).

This Court, mindful of the four previous lawsuits filed by Plaintiff,[3] hereby gives Plaintiff NOTICE pursuant to Rule 11, that further lawsuits bringing similar claims arising out of the same operative facts alleged in this lawsuit may be deemed improper, harassing, unwarranted, or frivolous, which may in turn cause Plaintiff to incur various SANCTIONS authorized by Rule 11 for failure to adhere to the dictates of this rule.

---

[3] The Court is also aware of another related lawsuit filed by Plaintiff on March 9, 2007. (No. C07-358 MJP).

ORDER - 6

### B. <u>Vexatious Litigant Order</u>

Defendant has also requested that the Court bar Plaintiff from filing future related lawsuits. "[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990). However, such pre-filing orders should rarely be filed. See <u>id.</u> Therefore, such an order must meet four criteria: (1) the party against whom the order is issued must have notice and the opportunity to be heard prior to issuance of the order; (2) the record must include a listing of the cases and motions that leads the district court to conclude that the order was warranted; (3) the court must make substantive findings that the party's actions were frivolous or harassing; and (4) the order must be narrowly drawn to address the specific abuses. See <u>id.</u> at 1147-48.

The number of lawsuits filed by Plaintiff suggests that a vexatious litigant order may be warranted. However, Plaintiff has not yet received adequate notice and opportunity to be heard. Therefore, before placing filing restrictions on Plaintiff, the Court ORDERS the parties to show cause why the Court should not enter a vexatious litigant order against Plaintiff. The responses to this order to show cause must be limited to <u>six (6) pages</u> and shall be filed no later than <u>fourteen (14) calendar days</u> from the date of this order.

### III. Outstanding Motions

Because the Court is dismissing all of Plaintiff's claims, it need not consider the pending discovery motions. (Dkt. Nos. 12, 14.) The Court will therefore terminate these motions on the docket.

ORDER - 7

**Conclusion**

For the fourth time, Plaintiff has failed to state a claim over which this Court has jurisdiction. Plaintiff's claims are barred by the Eleventh Amendment and Defendant is entitled to sovereign immunity. Plaintiff's claims are also barred by the doctrine of res judicata. Because the Court concludes that Defendant is immune from suit, Plaintiff's claims are dismissed with prejudice. The Court warns Plaintiff that Rule 11 bars pro se litigants from filing improper or frivolous suits and that he may be subject to monetary sanctions under that Rule. The Court further ORDERS the parties to show cause why the Court should not enter a vexatious litigant order against Plaintiff. The responses to this order to show cause must be limited to six (6) pages and shall be filed no later than fourteen (14) calendar days from the date of this order.

The Clerk is directed to send copies of this order to counsel for Defendant and to Plaintiff Cyrus Y. Kim.

Dated:   March 27, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 8