UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYRUS Y. KIM,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF LICENSING OF WASHINGTON STATE,<br><br>        Defendant. | No. CV06-1516 MJP<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND LEAVE TO AMEND |

This matter comes before the Court on Plaintiff's motion for reconsideration and the Court's order to show cause why it should not enter a vexatious litigant order against Plaintiff. (Dkt. Nos. 18-19.) Plaintiff asks the Court to reconsider its decision to dismiss Plaintiff's claims for lack of subject matter jurisdiction and seeks to amend his pleadings.

I.     <u>Motion for Reconsideration and Leave to Amend</u>

Under Local Civil Rule 7(h), the Court will deny motions for reconsideration unless there is a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Although Plaintiff has not specifically stated the basis of his motion for reconsideration, he appears to argue that the Court committed a manifest error when it dismissed his claims for lack of subject matter jurisdiction and did not give him leave to amend his pleadings to cure the defect. See <u>Hearns v. Terhune</u>, 413

ORDER - 1

F.3d 1036, 1040 (9th Cir. 2005) (holding that pleadings submitted by pro se litigants should be liberally construed).

Plaintiff asks the Court for leave to amend his pleadings to remedy the jurisdictional defect. In general, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Nunes v. Ashcroft, 375 F.3d 810, 813 (9th Cir. 2004) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). The Court may deny a motion to amend upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Props. & Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). Here, Plaintiff has had ample opportunity to amend his pleadings to cure any deficiencies and has failed to do so.

Plaintiff has repeatedly filed suit over the same underlying facts, suing three previous times in this Court (Nos. C04-217TSZ, C04-2244JCC, C05-477RSM) and once in Washington State superior court (No. 04-2-10000-3SEA). Plaintiff uses each new complaint as his avenue to amend his pleadings. Each time the Court has explained the rationale for the dismissals, and each time Plaintiff has failed to address the deficiencies in his new pleadings. (See Dkt. No. 16, Exs. 1-6.) Plaintiff's proposed amendments, effectively his sixth attempt to state a claim, still do not cure the deficiencies explained in the Court's motion to dismiss. (See Dkt. No. 18.). The Court is justified in denying leave to amend where plaintiff has already effectively amended his pleadings five times through multiple lawsuits. Cf. Burns v. County of King, 883 F.2d 819 (9th Cir. 1989) (denying plaintiff's request for leave to amend complaint to add two new defendants because plaintiff knew about defendants for two years and offered no excuse for failing to include them as parties). Plaintiff's practice of repeatedly filing new suits, and now amending his pleading, prejudices Defendant because Defendant must continually bear the costs of answering Plaintiff's deficient amendments with each new complaint.

ORDER - 2

Defendant is also prejudiced by the undue delay in resolving the lawsuit. It has reached the point when the Court must say that <u>enough is enough</u>. Plaintiff's motion for reconsideration and leave to amend is denied.

II.     <u>Vexatious Litigant Order</u>

Defendant has requested that the Court bar Plaintiff from filing future lawsuits arising out of the same set of facts and circumstances. "[T]here is a strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990). Because such pre-filing orders should rarely be issued, they must satisfy four criteria: (1) the party against whom the order is issued must have notice and opportunity to be heard prior to issuance of the order; (2) the record must include a listing of cases and motions that leads the district court to conclude that the order was warranted; (3) the court must make substantive findings that the party's actions were frivolous or harassing; and (4) the order must be narrowly drawn to address the specific abuses. <u>See</u> <u>id.</u> at 1147-48.

    1.     <u>Notice</u>

On March 27, 2007, the Court issued an order to show cause why it should not enter a vexatious litigant order against Plaintiff. Both parties were given fourteen days to respond to this order. Although Plaintiff declined to respond to the Court's order, he was given notice and an opportunity to do so.[1]

    2.     <u>Adequate Record for Review</u>

As the Court has already indicated, this suit represents Plaintiff's fifth lawsuit based on the same underlying facts. Plaintiff has sued three previous times in this Court (Nos. C04-217TSZ, C04-

---

[1] The Court also notes that under the local rules of this district, Plaintiff's failure to respond to the motion may be considered by the Court as an admission that the motion has merit. Local CR 7(b)(2).

ORDER - 3

1   2244JCC, C05-477RSM) and once in state superior court (No. 04-2-10000-3SEA).  During the

2   pendency of the present suit, Plaintiff also filed a sixth related lawsuit arising out of the same facts and

3   circumstances as the five previous cases (No. C07-358MJP).

4            3.      <u>Substantive Findings of Frivolousness or Harassment</u>

5         Plaintiff has repeatedly refused to accept the Court's previous rulings.  Each new lawsuit filed

6   by Plaintiff arose out of the same operative facts and circumstances, and each case was dismissed

7   under the Eleventh Amendment.  Despite clear guidance from the Court, Plaintiff nonetheless

8   continued to file new lawsuits against the State of Washington and its agencies.  These filings, made in

9   blatant disregard to numerous Court orders, demonstrate an intentional pattern of harassment by

10  Plaintiff against the State of Washington and its political subdivisions.

11           4.      <u>Scope of the Order</u>

12        Pre-filing orders "must be narrowly tailored to closely fit the specific vice encountered."  <u>De</u>

13  <u>Long</u>, 912 F.2d at 1148.  Accordingly, Plaintiff is hereby enjoined from filing any further complaints

14  relitigating matters previously decided.  Specifically, Plaintiff is enjoined from filing complaints

15  without first obtaining leave of the Court, against (1) the State of Washington, the Governor of

16  Washington, the Washington State Department of Licensing, its Director, or any of its employees; that

17  state claims (2) arising out of, or resulting from, the suspension of Plaintiff's driver license; challenging

18  the constitutionality of Washington's Financial Responsibility Law, RCW 46.29, Mandatory Liability

19  Insurance Law, RCW 46.30; or challenging the disposition of previous traffic infractions issued under

20  RCW 46.63.

21        In order to file any new pleadings, Plaintiff must make application for leave of the Court.  Such

22  filing shall bear the caption "Application seeking Leave to File."  The application shall be supported by

23  a declaration by Plaintiff stating: (1) that the matters asserted in the new complaint have never been

24  raised and disposed of by any court; (2) that the claim or claims are not frivolous and made in bad

25  faith; and (3) that he has conducted a reasonable investigation of the facts and the investigation

ORDER - 4

1 supports his claim or claims. A copy of this order and a copy of the proposed complaint shall be

2 attached to any application.

3 Failure to fully comply with this order will be sufficient grounds for denial of the application

4 and may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 11(b).

**Conclusion**

6 Plaintiff's motion for reconsideration and leave to amend is DENIED. The Court further

7 ORDERS that Plaintiff is a vexatious litigant and must make application to the Court before filing any

8 further related lawsuits.

9 The Clerk is directed to send copies of this order to counsel for Defendant and to Plaintiff

10 Cyrus Y. Kim.

11 Dated: April 20, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 5